THEODORE S. MESSINGER *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST PROVIDENCE.

NOVEMBER 3, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for certiorari to review the decision of the zoning board of review of the town of East Providence, hereinafter called the board, in granting an application for an exception or a variance under the zoning ordinance. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that Francis J. King applied for such exception or variance for the purpose of securing permission to operate a funeral home, with parking privileges, from his residence at 242 Waterman avenue in said town, described as lot No. 363 on assessor's plat No. 15 and located in a residential A district.

At a hearing thereon the applicant testified that his home contained fourteen rooms; that there was a vacant lot to the left with room to park about twenty-five cars thereon; that he intended to fill in said lot for parking purposes; that he did not intend to park any cars on the front but only on the side, and that precautionary measures would be taken to prevent traffic from going into Williams avenue; that he intended to maintain his residence on the second and third floors; and that the embalming would be done in the basement.

Several of the petitioners herein objected to the granting of the application mainly on the grounds that the applicant's house was in a residential zone; that traffic hazards

would be increased; that bringing a funeral home into the neighborhood would have a depressing effect on persons living in the vicinity; that the nearby property would be depreciated in value; and that the area would thereby be opened to further business development.

The board granted the petition subject to the condition that shrubbery be placed on abutting lines of the property on the northerly, easterly and westerly sides thereof. The reasons assigned for granting the petition were that the house in question is outmoded as a single-family dwelling because of its size; that traffic conditions would be taken care of by provisions for off-street parking; that in its opinion the adjoining property would not be depreciated; that no traffic situation would be created on Williams avenue because of the applicant's agreement to fill in the parking area and place shrubbery along the sides of his vacant lot as ordered by the board; and that under the conditions which it imposed the granted use would not be contrary to or against the ordinance. The board also gave as a further reason for its decision the fact that a certain specified portion of Waterman avenue is a business C area, and that another is a commercial D area. It appears from the stipulation of fact signed by the attorneys for both parties that the record of the decision relating thereto was corrected and clarified to read: "from Red Bridge to just beyond James Street, and from just beyond John Street to Six Corners, and within the area occupied by the petitioners, there are Doctor's offices and multi-family dwellings."

The petitioners herein contend that under the pertinent zoning ordinance the board had no authority to grant the instant exception or variance and that its action in so doing is arbitrary, illegal, and a clear abuse of discretion. On the other hand the board contends that the petition was not granted by virtue of any provision of the ordinance itself but under the general authority conferred upon it to grant a variance under the enabling act, general laws 1938, chap-

ter 342, §8, and that such action was a proper exercise of its discretion.

Chapter 342, §8, gives express authority to the zoning boards of review of the several cities and towns to grant a variance from the provisions of the zoning ordinances thereof in specific and appropriate cases. Under §8 (c) of said chapter, to entitle an applicant to a variance he must show, first, that a variance in the application of the terms of the ordinance as requested will not be contrary to the public interest, and, secondly, that owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship to him.

In our opinion the record contains evidence of unnecessary hardship which would justify the action of the board in granting the variance requested. It clearly appears from such record that the board acted upon its own knowledge of the conditions existing in the neighborhood as evidenced by a recognition of the fact that applicant's house is outmoded as a single-family dwelling because of its size. It further appears that the board had recently granted a permit for the erection of a six-family apartment house in the immediate neighborhood. It is apparent from this and other evidence that the section of Waterman avenue in question, though zoned as residential, is in reality between areas of business and commercial properties which run respectively from Red Bridge to Six Corners; that the area has changed and is becoming a business section; and that the applicant would not make any alteration in the exterior appearance of his dwelling.

Upon consideration of all the evidence and the reasons assigned by the board for its decision, we cannot say that the action in question was illegal, arbitrary, or an abuse of discretion.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records

in the case which have been certified to this court are ordered sent back to the respondent board.

*Harold R. Semple,* for petitioners.

*Stephen F. Mullen,* Town Solicitor, for respondent board.